# CASES DECIDED

IN THE

# COURT OF APPEALS

OF THE

# STATE OF NEW YORK.

---

### WHITE *v.* COATSWORTH.

*Conclusiveness of Judgment.—Plea of former recovery.*

The judgment of a court of competent jurisdiction, upon a question directly involved in the suit, is conclusive, in another action between the same parties, depending on the same question.

Thus, a verdict, in summary proceedings against a tenant, finding that no rent is due, is conclusive of that question, in a subsequent replevin-suit, on a distress claiming the same rent.

A plea to the avowry, setting up such former verdict, as a bar, is not objectionable, as equivalent to the general issue.

*APPEAL from the general term of the Supreme Court, in the eighth district, where a judgment of the Court of Common Pleas of Erie county, in favor of the defendant, had been reversed, on writ of error. [ * 138

This was an action of replevin by White, the lessee of certain premises in the city of Buffalo, against Coatsworth, his lessor, for goods distrained for rent alleged to be in arrear. The defendant avowed the taking of the property as a distress for $120 of the rent, which became due in August 1844, and which he alleged was still in arrear and unpaid.

131

In April 1844, Coatsworth leased to White the premises in question, for the term of three years, at an annual rent of $225; the first year's rent payable in August of that year. In March 1845, the lessor commenced summary proceedings against the lessee, before the first judge of Erie county, to recover possession of the premises; alleging in his affidavit, that $120 of the rent, which became due in August 1844, remained unpaid. White appeared, and traversed the fact that any rent was due under the lease; and the jury "found that there was no rent due or owing" from White to Coatsworth.

White pleaded to the avowry: 1. No rent in arrear: 2. The special proceedings before the county judge, and the verdict of the jury therein, in bar of the avowry; averring that the rent for which the distress was made, was the same as that stated in Coatsworth's affidavit, presented to the county judge, to be due to him. Coatsworth took issue on the first plea; and demurred specially to the second, among other grounds, because it was equivalent to the general issue. The court of common pleas gave judgment for the defendant on the demurrer.

On the trial of the issue of fact, the plaintiff offered to prove the facts stated in his special plea, for the purpose of showing that there was no rent due, when the distress-warrant was issued. This was objected to by the defendant, and the objection sustained by the court, to which the plaintiff's counsel excepted. *There *139 ] was a verdict in favor of the defendant; but the final judgment entered in his favor was reversed by the supreme court, on error, whereupon, he took this appeal.

*Clinton*, for the appellant.

*Cook*, for the respondent.

RUGGLES, C. J.—The court of common pleas of Erie county erred in giving judgment in favor of Coatsworth, on his demurrer to White's second plea. Coatsworth, although defendant in the replevin-suit, was an actor, and claimed to recover of White $120 of rent which he alleged had fallen due on the lease, on the 1st of August 1844. This was what he distrained White's goods for, in April 1845, and the point in controversy between the parties was whether this rent was due. The defence set up in the second plea is, that the very point, thus in controversy, had been decided and determined by a former adjudication between the same parties, before a competent tribunal.

If this be true, the defence is perfect. It is an established maxim, that no one ought to be twice vexed for the same cause. The judgment of a court of competent jurisdiction upon a point litigated between the parties is conclusive in all subsequent controversies, where the same matter comes again directly in question. (*Embury* v. *Conner*, 3 N. Y. 522–3, and cases there cited; *Doty* v. *Brown*, 4. Id. 71.)

The substance of White's plea is this: that Coatsworth, the landlord, on the 10th of March 1845, and before he distrained White's property, instituted summary proceedings before the first judge of Erie county, to turn White out of the possession of the demised premises, on the ground that he was holding over, after default in the payment of the same identical item of rent, due 1st August 1844, for which he afterwards distrained, and which he claimed in the replevin-suit. That upon being summoned before the first judge to show cause why his landlord, *Coatsworth, should not be put into the possession of the demised premises, White [ * 140 appeared and filed an affidavit, in pursuance of the statute, denying that any rent was due. That the question thus at issue between the parties was submitted,

according to the statute, to a jury, who, by their verdict, found that no rent was due.

Against the validity of this plea, it is objected, first, that the former proceedings were instituted, not for the purpose of recovering the rent alleged to be due, but to procure the forfeiture of the lease; and that the object of the latter proceeding was to collect the rent; and because the object of the former was different from that of the latter proceeding, the former decision is no bar to the latter. But this is not strictly true in point of fact. In summary proceedings under the statute, by the landlord, to turn his tenant out of possession, the tenant may pay the rent and save the forfeiture of his lease; and the proceeding is, perhaps, as often resorted to, for the purpose of compelling the payment of the rent, as for annulling the relation of landlord and tenant. But however that may be, the objects of the two proceedings are sufficiently identical, to make the former conclusive upon the latter.

The summary proceedings were had before a tribunal, competent to hear and determine the question, whether any and what amount of rent was due; the verdict is, by the statute, the final adjudication upon the question of fact. If the jury, instead of finding against Coatsworth, had found a verdict in his favor, it would have been conclusive, for the purpose of turning White out of possession, and of annulling his lease (2 R. S. 515, §§ 39, 43), unless, before the warrant for his removal had been actually issued, he had paid or given security for the rent found to be due. (§ 44.) A verdict against White, however erroneous and unjust it might have been, would thus have compelled him to pay the rent, or to lose the benefit of his lease. After having been turned out of possession, upon such a verdict, he could not have been permitted to re-try the same question in an action of ejectment, for the purpose of being restored to his occupancy of tenant; nor, after having paid the money, to

save the forfeiture of his *lease, could he try the same question, a second time, in a common-law [ * 141 action, to recover back the money so paid. The object of the statute was to prevent the expensive litigation and great delay in settling these questions between the landlord and tenant by the course of the common law. But if the summary proceedings are not conclusive upon the parties, litigation, delay and expense are increased, instead of being diminished. I perceive no reason, on general principles, why a verdict in favor of the landlord finding a certain amount of rent to be due, would not be conclusive evidence, in a subsequent action for the rent,[1] if, indeed, such an action could be brought, after the lease had been annulled, and the relation of landlord and tenant dissolved, by operation of the statute. (See § 43.) The verdict being thus conclusive against the tenant, it should be equally so against the landlord, at whose instance and for whose benefit the summary proceedings were had.

The question whether rent was due was not, in the summary proceedings, a collateral or incidental inquiry. It was the main and only point in the case; and Coatsworth sought, by his avowry, to try a second time the same question.

There is no ground for saying that the plea is bad, because it is equivalent to the general rule. *Riens en arrere* is not the general issue in replevin. It is said to be a *quasi* general issue, when pleaded to an avowry like that in the present case. But admitting that the former determination might be given in evidence under the

---

[1] A judgment by default, in summary proceedings for non-payment of rent, is conclusive, in a subsequent action for the recovery of the rent, of the facts required to be alleged in the affidavit; to wit, the tenancy, the occupation, the non-payment of the rent due, and the holding over. Brown v. New York, 66 N. Y. 385. It is conclusive that some rent was due, but not as to the amount. Jarvis v. Driggs, 69 N. Y. 143. And see Kelsey v. Ward, 16 Abb. Pr. 98; s. c. 38 N. Y. 83.

plea of no rent in arrear, it by no means follows, that it may not be specially pleaded. A plea which is equivalent to the general issue, and therefore bad, is a plea which gives no color to the plaintiff's claim. This is not such a plea; it admits the lease by which rent is apparently due, and the tenant's occupancy under it, but avoids his liability, on the ground that the question whether rent is due or not, has been already tried and decided in the tenant's favor.

I am inclined to the opinion, that the court erred also in rejecting the offer of White, to prove under the first *[ \*142 ]* plea, the facts \*stated in the second, on the ground, that the former determination was conclusive evidence between these parties that no rent was due. But it is unnecessary to decide upon the exception which brings up this point, because the decision upon the second plea covers the whole case.

It is true, that the mere production of the record, or written evidence of the summary proceedings, may not have been conclusive, when given in evidence under the plea of no rent in arrear, because it may not have appeared from the face of the record, that the same question had been previously decided between the same parties. And this, I apprehend, is the only foundation for the *dicta* to be found in many cases, that a former recovery, when so given in evidence, is not conclusive. But when the facts necessary to be averred in a special plea of a former recovery in bar, are established by proof *dehors* the record, the former recovery is as conclusive, when proved under the general issue, as when specially pleaded.[2] The true rule on this subject is laid down in *Young* v. *Rummell* (2 Hill 480–81).

The judgment of the Erie common pleas was rightly reversed in the supreme court, and the judgment of the supreme court ought to be affirmed.

[2] Krekeler *v.* Ritter, 62 N. Y. 372; Kent *v.* Kent, Ibid. 560.

EDMONDS, J.—The precise question involved in this suit, namely, whether the rent due on the 1st of August 1844, was paid, was involved in the summary proceedings before the first judge of Erie county, and was then adjudicated upon. And the question presented here is, whether that adjudication is an estoppel, as between the parties to that proceeding. The question is not, as was urged on the argument, whether that adjudication was evidence that no rent was due, but it is, simply, whether that fact, having been passed upon between the same parties, in a tribunal having power to pass upon it, those parties are not now estopped from mooting the same question in another action.

The defence was set up in this case, first, by the second plea to the defendant's avowry, and secondly, by the offer to prove the *fact on the trial. In both [ * 143 forms, the court below overruled the defence, first, by overruling the plea, on demurrer; and next, by excluding the evidence offered. If the court erred in overruling the plea, it will be unnecessary to inquire, whether the evidence was properly excluded, and, of course, unnecessary to inquire whether, even if the facts were valid as an estoppel, they could be availed of, unless pleaded.

Upon the demurrer, the decision of the county court clearly was, that the adjudication in the summary proceedings before the first judge was not an estoppel. In this was the error. I suppose it to be well settled, that the judgment of a court of concurrent jurisdiction, directly on the point, is, as a plea, a bar, or as evidence, conclusive between the same parties, upon the same matter, directly in question in another cause; or, in other words, that the decision of a court of competent jurisdiction, directly upon the same point, is conclusive, when the same point comes again in controversy between the same parties, directly or collaterally. (*Duchess of Kingston's Case*, 11 St. Tr. 261; 1 Phil. Ev. 321;

137

*Wright* v. *Deklyne*, 1 Peters C. C. 202; *Outram* v. *Morewood*, 3 East 346; *Gardner* v. *Buckbee*, 3 Cowen 120; *Burt* v. *Sternburg*, 4 Id. 559; *Wood* v. *Jackson*, 8 Wend. 9; *Miller* v. *Manice*, 6 Hill 121; *Supervisors of Onondaga* v. *Briggs*, 2 Denio 33.)

And it makes no difference, that I can discover, whether the first adjudication is in a proceeding according to the common law, or summary in its character. It is enough, that the question has been submitted to judicial officers, to be determined in a judicial way, that the parties and their proofs have been heard, and their rights settled by a judicial determination. When this has been done, the determination is conclusive upon the parties, until reversed, vacated or set aside in the forms prescribed by law. The rule has been applied to the taxation of costs (2 Denio 33);[3] and in that case, the learned judge who delivered the opinion, remarked, very correctly, though *obiter*, that of the same general nature are the decisions made by a judge or commissioner *in proceedings under the insolvent laws; *144] the act to punish fraudulent debtors; between landlord and tenant, &c. The fact that the statute authorizes the proceeding to be summary, cannot change or affect the operation of a general rule, as necessary as it is salutary.

I am, therefore, of opinion, that the judgment of the supreme court ought to be affirmed.

Judgment affirmed.

[3] McMahon v. Mutual Benefit Life Insurance Co., 12 Abb. Pr. 28.